UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY C.,[1]

      Plaintiff,                Case No. 23-cv-10825

v.                              HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION & ORDER
### (1) ADOPTING REPORT & RECOMMENDATION (Dkt. 12), (2) OVERRULING PLAINTIFF'S OBJECTION (Dkt. 13), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 8), AND (4) GRANTING THE COMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Dkt. 10)

Before the Court is Magistrate Judge Kimberly Altman's report and recommendation (R&R) (Dkt. 12) recommending that the Court deny Plaintiff Gregory C.'s motion for summary judgment (Dkt. 8) and grant the Commissioner's motion for summary judgment (Dkt. 10). Gregory C. filed an objection to the R&R (Dkt. 13) and the Commissioner has filed a response to Gregory C.'s objection (Dkt. 14). For the reasons that follow, the Court (i) accepts the recommendation in the R&R, (ii) overrules Gregory C.'s objections, (iii) denies Gregory C.'s motion for summary judgement, and (iv) grants the Commissioner's motion for summary judgment.[2]

---

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, this district has adopted a policy to identify plaintiffs by only their first names and last initials. See also Fed. R. Civ. P. 5.2(c)(2)(B).

[2] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R.  See R&R at 1–8.  Gregory C. filed an application for disability benefits under Title II of the Social Security Act (the Act) on July 21, 2020, alleging a disability onset date of January 1, 2011.  Id. at 2.  His application claims disability due to high blood pressure, high cholesterol, urological issues, obesity, obsessive compulsive disorder (OCD), anxiety, and depression.  Id.

Following a remote hearing, Administrative Law Judge (ALJ) David Mason issued a decision finding that Gregory C. was not disabled for purposes of the Act.  Id. at 3–4.  Engaging in the five-step disability analysis, see 20 C.F.R. § 404.1520, ALJ Mason found at step one that Gregory C. engaged in substantial activity after the alleged January 1, 2011 onset date because he was paid wages and reported to his office in the first two months of 2011.  Id. at 10.  Despite this finding, the ALJ proceeded to the remaining four steps of the analysis.  Id. at 10–11.  At step two, the ALJ found that Gregory C. had "severe impairments of anxiety, depression, obsessive compulsive disorder, agoraphobia (fear of places and situations), ureteral stricture (narrowing of tube connecting kidney to bladder), and obesity" and non-severe impairments of hypertension, gout (form of arthritis), hypercholesterolemia (high cholesterol), hyperlipidemia (high levels of fat in blood), and dysuria (painful urination)."  Id. at 11.  At step three, the ALJ found that none of the impairments medically equaled any one of the impairments listed in the regulations.  Id.  At step four, the ALJ found that Gregory C. was unable to perform any past relevant work, but further found that Gregory C. had a residual functional capacity (RFC) to perform work at all exertional levels except that he required work involving "simple routine and repetitive tasks" and "brief and superficial contact with co-workers and supervisors."  Id. at 11–12.  At step five, the ALJ denied Gregory C.'s application for benefits because he was not considered disabled under the Act.  Id.

The magistrate judge found that the ALJ's determination that Gregory C. was not disabled within the meaning of the Act was supported by substantial evidence.  Id. at 28.

## II.  ANALYSIS

The Court reviews de novo those portions of the R&R to which a specific objection has been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards."  Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (punctuation modified).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (punctuation modified).  In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the ALJ."  Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001).  "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability."  Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

In his objection to the R&R, Gregory C. argues that ALJ's RFC finding is subject to remand because there is not "an actual medical opinion underpinning the ALJ's RFC determination" and, therefore, the determination is improperly based on the ALJ's lay interpretation of "raw medical data."  Obj. at 2.

However, as the Commissioner points out, Reply at 4, Magistrate Judge Altman's R&R considered and rejected Gregory C.'s argument based on a recent decision from the United States Court of Appeals for the Sixth Circuit.  As the R&R explained, the Sixth Circuit has "previously rejected the argument that a residual functional capacity determination cannot be supported by

substantial evidence unless a physician offers an opinion consistent with that of the ALJ." R&R at 21 (quoting Mokbel-Aljahmi v. Comm'r of Soc. Sec., 732 F. App'x 395, 401 (6th Cir. 2018)).

The R&R also rejected Gregory C.'s argument that the ALJ's decision was improperly based on "raw medical data." Id. at 23. In the R&R, the magistrate judge examined the ALJ's evaluation of the entirety of the medical record evidence—including Gregory C.'s testimony regarding his daily activities and abilities—and found that the ALJ's decision was supported by substantial evidence. Id. 23–28. The magistrate judge's review of the record supporting the ALJ's decision was proper. See Reynolds v. Comm'r of Soc. Sec., 424 F. App'x 411, 414 (6th Cir. 2011) (explaining that the "court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ").

Because the ALJ's determination need not be based on a medical opinion and was properly supported by substantial evidence of the overall medical record, Gregory C.'s objection fails and is overruled.

### III. CONCLUSION

For the foregoing reasons, the Court overrules Gregory C.'s objection (Dkt. 13) and adopts the magistrate judge's recommendation (Dkt. 12). Accordingly, the Court denies Gregory C.'s motion for summary judgment (Dkt. 8), grants the Commissioner's motion for summary judgment (Dkt. 10), and affirms the Commissioner's decision.

SO ORDERED.

Dated: September 17, 2024                    s/Mark A. Goldsmith
            Detroit, Michigan                        MARK A. GOLDSMITH
                                                     United States District Judge